PIERRE BLANC and others *v.* MARIE URSULE PERILLIAT and
others, Heirs, &c.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*Castera,* for the appellants.
*Canon,* for the defendants.

SIMON, J. The plaintiffs, who are the heirs of Louis P. Blanc,
deceased, seek to recover the sum of $600, which, they allege,
was received by the defendants' ancestor on the 7th of July, 1827,
from Françoise Radaze, on account of the succession of the said
Blanc. They state that Perilliat's succession was opened on the
22d of May, 1829, and pray that the amount claimed be paid to
them by the defendants, with interest from the day the succes-
sion was opened.

The defendants pleaded the general issue, denied specially the
plaintiffs' capacity to sue, and further pleaded prescription.

Judgment having been rendered below in favor of the defen-
dants, the plaintiffs appealed.

This claim is based on a letter, written by the defendants' fa-
ther to Radaze, dated New Orleans, 7th July, 1827, as follows :
" *A. Mr. Radaze, au Rapide. Monsieur : J'ai reçu votre honora-*
*ble lettre en date du* 30 *juin dernier, avec six cent piastres*
*qu'elle contenait, dont je vous fais crédit, en à compte de la suc-*
*cession de feu L. Blanc. Veuillez bien agréer mes sincères*
*respects.*" The orthography of the letter is this : *avaique six*
*cent piastres qu'elle contenaix don je vous fait credit, en acontte*
*de la succession, &c.* From this letter it is pretended, on the
part of the plaintiffs, that the sum of $600 was deposited by Ra-
daze in the hands of Perilliat, for the benefit of Blanc's succes-
sion ; and on the part of the defendant, that the amount claimed

must have been paid on account, and in part payment of a debt due to their father by Blanc's succession.

No other evidence was produced by the plaintiffs in support of their claim; but the record shows, that Blanc died at Alexandria, in 1819; that Radaze was appointed curator to his estate in May, 1838; and that by powers of attorney executed in France by the plaintiffs in January and March, 1837, Radaze had been appointed their attorney in fact. No reason is shown why Radaze, who was the friend and countryman of the deceased, was induced to deposit the money of the succession in the hands of Perilliat, who was also one of his countrymen, and the absence of Radaze's testimony is not in any manner accounted for.

In this imperfect state of the evidence, we think the judge, *a quo*, did not err. The letter relied on as the only proof of the claim, does not establish satisfactorily that the amount forwarded and remitted by Radaze to Perilliat in 1827, was received by the latter as a deposit; on the contrary, the expressions used in the letter, " *six cent piastres dont je vous fais crédit en à compte de la succession*," seem to imply that credit was given by Perilliat to the succession for $600, received on account, or in part payment of a larger debt. Why was the money of the succession in the hands of Radaze in 1827? Why did he not keep it to remit it to the heirs? And what induced him to pay it over to Perilliat, who is not shown to have had any thing to do with the succession? Why should Perilliat credit the succession, if nothing was due to him? Radaze lived in Alexandria, and more than ten years had elapsed before any claim was set up by him, or by Blanc's heirs, against Perilliat, or his heirs, for the reimbursement of the money. Nay, it is not shown that Radaze ever claimed it, either in his own name as curator, or as the agent of the heirs; and this suit was only brought in 1839. It is not probable that the plaintiffs' claim would have been kept dormant for such a long space of time, and that Blanc's heirs would have permitted the funds of the estate to remain in the hands of others for twenty years, if those funds had really belonged to the succession. The plaintiffs' demand is not sufficiently sustained by the evidence.

*Judgment affirmed.*